UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HERMAN VICTOR,

                     Petitioner,

        -against-

SUPERINTENDENT PEARLMAN at
Mid-State Correctional Facility,

                     Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

05-CV-2551 (DLI)

DORA L. IRIZARRY, U. S. District Judge:

On May 12, 2005, petitioner, Herman Victor, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed in forma pauperis is granted. However, because the conviction which petitioner challenges in this motion – namely, his 1997 conviction in New York Supreme Court, Kings County, for robbery in the second degree and other, lesser offenses – is the same conviction which was the subject of a prior habeas petition, this petition is "second or successive" and must be transferred to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits a district court from considering a "second or successive application" for a writ of habeas corpus unless the petitioner has first obtained an order from the appropriate court of appeals authorizing consideration of the petition. See 28 U.S.C. § 2244(b)(3); see Carmona v. United States, 390 F.3d 200, 201-02 (2d Cir. 2004) (per curiam). The AEDPA "does not define what constitutes a 'second or successive' petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002). While a literal reading of this phrase would appear to prohibit a district court from considering a

numerically second petition, "[c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." Vasquez v. Parrott, 318 F.3d 387, 389 (2d Cir. 2003) (quoting James, 308 F.3d at 167). To be considered "second or successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." Id. at 390. In other words, a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona, 390 F.3d at 202.

This is the second petition filed by petitioner to challenge his 1997 New York State robbery conviction. In June 2001, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of appellate counsel and other grounds. In response to a motion from petitioner seeking "direction from the court" as to whether it was "necessary to place the ... petition [for] habeas corpus in [abeyance]" to exhaust certain claims, this Court specifically advised petitioner that this Court could not review the merits of any unexhausted claims. Victor v. State of New York, No. 01-CV-4278 (LB), slip op. (E.D.N.Y. Sept. 10, 2001). This Court further advised petitioner that if he wished to pursue unexhausted claims in State court, he could move for a stay of the habeas proceedings. Id.

Petitioner never moved for a stay. On December 4, 2001, this Court denied petitioner's ineffective assistance claim on the merits and dismissed the remaining claims as procedurally barred. Victor v. State of New York, No. 01-CV-4278 (LB), slip op. (E.D.N.Y. Dec. 4, 2001). On August 7, 2002, the Second Circuit Court of Appeals denied petitioner's request for a certificate of appealability. Victor v. State of New York, No. 02-2065, slip op. (2d Cir. Aug. 7, 2002) (mandate).

Since petitioner's previous habeas petition challenging his 1997 robbery conviction was adjudicated on the merits and dismissed with prejudice, this petition is "second or successive" under 28 U.S.C. §2244(b)(3). See Vasquez, 318 F.3d at 390; Carmona, 390 F.3d at 202. Accordingly, the instant petition cannot be considered by this Court unless the Second Circuit issues an order authorizing this Court to do so. See 28 U.S.C. § 2244(b)(3); Carmona, 390 F.3d at 201-02.

Conclusion

Pursuant to the procedure set forth in Liriano, 95 F.3d at 123, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. After the transfer, the Clerk of Court shall close this case. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2005

_____
DORA L. IRIZARRY
United States District Judge